STATE *versus* INTOXICATING LIQUORS, *claimed by* DANIEL H. JONES & *als.*, *Appellants.*

The remote and minute corporate interest which a judge of a police court has in intoxicating liquors forfeited to the city of which he is an inhabitant, does not disqualify him from taking cognizance of cases of libelled liquors seized within such city.

The Legislature may constitutionally provide that such interest shall not be a legal objection to such judge's jurisdiction.

ON EXCEPTIONS.

The facts appear in the opinion. The principal question was whether the Judge of the Police Court of Bangor had ju-

risdiction to decree intoxicating liquors forfeited to the city of which he was an inhabitant, that being the place in which they were seized.

*A. Sanborn*, for the respondents.

The police judge, being a resident of Bangor, was directly interested in the result of the trial. Such interest disqualified him from trying the case. The statute establishing the court expressly provides that he shall exercise jurisdiction in certain cases," except when interested." Public Laws of 1856, c. 207, § 2. This prohibition of jurisdiction is in furtherance of the great, unchangeable, eternal principle lying at the foundation of all the civil courts in this country. So long as judges are human they will possess human infirmities. Exclusion of interest, however small, is absolutely essential to the upright administration of justice. It is impossible to establish any rule fixing the amount or degree of interest which shall disqualify a judge or take away his jurisdiction.

The Legislature has no power to give to a judge jurisdiction over a case in which he is interested. The people cannot delegate this power and thus commit civil suicide. If they can, it can only be done by the most deliberate declarations. It cannot be inferred from silence. No ratification of its exercise can be implied from any want of express disaffirmation.

The decisions in Massachusetts are put upon necessity that the law would "remain unexecuted without" the power on the part of such judge. This impliedly declares that such interest *does* disqualify in fact when others are not so interested, and the law may be executed by other courts.

Any justice residing in any other town in this county has concurrent jurisdiction of cases similar to the one at bar, and hence the plea of necessity does not apply.

Justice should not be sacrificed to inconvenience.

*Frye, Att'y General, contra.*

KENT, J. — The complaint against the liquors and the persons keeping them was duly made, according to law, and after a full hearing on the answers and claim of the respondents, the liquors were adjudged forfeited by the judge of the police court of the city of Bangor.     From this judgment the respondents and claimants appealed to this Court where a trial was had before a jury and a verdict returned, affirming in substance the allegations in the libel. After verdict a motion in arrest of judgment was filed, alleging that "the judge of the police court for the city of Bangor, when the hearing of the case was had before him, had no jurisdiction thereof." This motion was overruled by the presiding Judge, and exceptions taken.

Without discussing the question whether this motion was filed in season, or whether there are facts enough on the face of the papers to show that the police judge had no jurisdiction, we will consider the case on the facts claimed as existing by the respondents.

The motion does not state any fact or reason, except the general allegation that the judge "had no jurisdiction." It is not denied that the police court had jurisdiction of the case by the terms of the Act of 1858, (c. 33, § 23,) — but it is alleged that the judge was disqualified to act in the case by reason of an interest in the forfeiture, and therefore, although coming within the language of the Act, the judge had no jurisdiction.     The fact is conceded, although it does not directly appear in the papers, that the judge was a resident and citizen of Bangor, liable to be taxed therein, at the time of the trial before him.

His interest is traced in the following manner : — By the decree of forfeiture of the liquors, according to the provisions of § 18, of c. 33, (1858,) they are to be delivered to the "Mayor and Aldermen of the city to which they were forfeited" by the decree.     The city fathers thus become the possessors of the condemned liquors, but are not at liberty to drink them themselves or to divide them among the citizens *per capita.* · But they are to examine the same and, if *they* shall de-

*termine* that any portion is fit to be sold for medicinal, mechanical or manufacturing purposes, they shall deliver *such* portion to the agent of the city to be sold by him according to law. The portion found and adjudged by this board *unfit* is to be cast out and spilled upon the ground.

The interest of the judge, then, is not only extremely minute, but is contingent and dependent entirely upon the judgment and decision of another tribunal. If all the liquor is unfit for such sale, (and, considering the vile character and adulteration of most of that seized, the probability in a given case is that all is so,) then the judge will have no benefit, immediate or remote. It may well deserve consideration, whether such a possible, but contingent interest, depending entirely upon a new judgment and decree by another board and tribunal, and not upon the decree by himself, can be a disqualifying interest in any event. But, even as to the liquor adjudged "fit to be sold," the judge's interest is still contingent upon the profits or the fact that the amount for which it is sold, exceeds the expenses of the agency, sale and other charges. It is quite clear, that the prospect for any great increase of his property is not brilliant, or likely to very seriously affect his judgment. It is to be observed that this is not a case where a penalty or a part of it goes directly into the town treasury in money, by virtue of the decree or judgment of the court. But, if it were such a case, we have no doubt that the court would not be ousted of its jurisdiction by such interest.

In the first place, it appears that the Legislature has given to the judges of the municipal and police courts jurisdiction in these words : — "may try those brought before them for offences within their jurisdiction, though the penalty or fine accrues wholly or in part to their town."

By the Act of 1858, (commonly called the liquor law,) c. 33, § 23, the provision in relation to jurisdiction in a case of seizure like this is, that "judges of municipal courts and police courts, and justices of the peace, having jurisdiction in other criminal matters, in the places where they

reside, shall have jurisdiction by complaint, original and concurrent with the Supreme Judicial Court, of all prosecutions under this Act."

The only question would seem to be, whether the Legislature had a constitutional power to pass these Acts. This appears to be the view taken of this point by the counsel for the respondents. He has urged with earnestness and force the proposition, that such a disregard of even a remote, minute, or even contingent interest cannot be tolerated, and must forever prevent the people, through their constitutional organ, from allowing any Judge to sit or act where such a remote interest can be traced.

This argument, if carried out to all its logical results, would prevent the imposition of any fine to and for the use of *the State*, by *any* magistrate in it, whether a justice of the peace or a judge of the Supreme Court. For all are citizens of the State and pay taxes, and have an interest in having the treasury supplied by penalties and fines, — in the same manner as a judge of a police court of a city has in replenishing the city treasury by like means.

It has been contended that, when the Legislature has, in express terms, given jurisdiction in cases where the magistrate might have a minute and remote interest, without in terms, or by implication, excepting such cases, — the fair construction is, that jurisdiction is given notwithstanding such interests, and although there may be other courts of concurrent jurisdiction. However this may be, we are satisfied that the Legislature may give jurisdiction of cases where, in their judgment, the interest is too minute or remote to warp the judgment. Our Legislature has determined that a magistrate may try a case, although the fine or penalty may accrue to the town or city in which he resides.

The limit and extent of the provision is within legislative discretion and determination.

In Massachusetts, questions have arisen similar to the one before us. It was held there, before any special statute provision giving jurisdiction, notwithstanding a remote or mi-

nute interest in the penalty, that where a court or magistrate had exclusive jurisdiction of the offence, that it must be assumed that the Legislature knew that no other tribunal could hear and determine the case, and therefore, by implication, annulled the objection of interest. Otherwise the offence must go unpunished. *Commonwealth* v. *Ryan*, 5 Mass., 90.

The same doctrine is reaffirmed in *Hill* v. *Wells*, 6 Pick., 104, and in *Commonwealth* v. *Emery*, 11 Cushing, 411. In the latter case, C. J. SHAW adds the following distinct recognition of the power of the Legislature to give jurisdiction, notwithstanding an interest, in their discretion. He says, — "We may go further and add, that, it being quite competent for the Legislature to provide, as they have in many cases, that such a municipal minute interest, shall not disqualify a judge, juror, appraiser or other similar officer, when a jurisdiction is given to a magistrate, who, by force of the same act, may have some remote municipal interest, it was their intention to remove such disqualification."

We see no ground on which this motion in arrest can be sustained.                    *Exceptions overruled.*

*Judgment on the verdict.*

