# CHARLESTON

## CITY OF GRAFTON *v.* HOLT, JUDGE &C., *et al.*

Submitted September 7, 1905.   Decided October 31, 1905.

1. **JUDGE OF COURT PARTY TO SUIT.**

   A judge who is a *quasi* party to a suit in equity under the description of the bill filed by certain named plaintiffs suing on behalf of themselves and all others similarly situated, and who will be bound by, or has the right to come into the suit and take the benefit of, the decree which may be pronounced therein, and thereby derive a pecuniary benefit, is disqualified from acting as judge in the hearing and determination of the suit. (p. 186.)

2. **JUDGE OF COURT PARTY TO SUIT.—***Injunction.*

   An order made by such judge awarding a temporary injunction in such suit is not void, but voidable, and the order cannot be vacated or annulled or its enforcement prevented by writ of prohibition on the ground alone that the judge was disqualified by reason of interest at the time he entered the order. (p. 188.)

3. **WATER RATES NOT TAXES.**

   Water rates exacted by a public corporation from actual consumers are not taxes, but merely the price of a commodity. (p. 187.)

Petition by the city of Grafton for writ of prohibition to John Homer Holt, judge of the circuit court of Taylor county.

*Writ Granted.*

DENT & DENT and EUGENE SOMMERVILLE, for petitioner.

J. L. HECHMER, C. P. GUARD and IRA E. ROBINSON, for respondent.

Cox, Judge:

This is a petition by the City of Grafton for a writ of prohibition to prohibit Hon. John Homer Holt, Judge of the circuit court of Taylor county, from interfering with the city in the management and control of its water works plant, and from fixing the rates that said city shall charge consumers of water, and from preventing the city from shutting off the water from such consumers as refuse to pay therefor.

The city of Grafton under its charter authority owns the water works supplying the inhabitants and others of the city with water for compensation.   On the 27th day of May, 1905, the city, upon recommendation of a committee of its Council, adopted a schedule of rates for water, to be charged the consumers, uniform as to each class of consumers, but increasing the rates theretofore charged.   The increased rates were afterwards embodied in a formal ordinance, adopted by the Common Council, and were required to be collected from and after July 1, 1905.   It is claimed that this formal ordinance was not adopted until after the 1st of July, 1905, but that is immaterial here.   After the adoption or the new schedule of rates a bill was filed in the circuit court of Taylor county by George W. Whitescarver and certain other persons named, citizens, tax payers, and consumers of water, on behalf of themselves and the other citizens, tax payers and consumers of water of said city, similarly situated, against the city as defendant for the purpose of setting aside the order of the Common Council increasing the water rates, and for an accounting to ascertain the amount justly payable, applicable to all consumers of the same class with the plaintiffs, and for the purpose of restraining the city, its officers and agents, from shutting off the water on the premises of the plaintiffs, and the other inhabitants of the city similarly situated, it being alleged in the bill that the city is threatening to turn off the water for failure to pay the increased water rates.   Upon presentation of this bill to the said judge of the circuit court on the 8th day of July, 1905, a temporary injunction was awarded, practically as prayed for.   Afterwards, on the 12th day of July, 1905, pursuant to notice a motion was made by the defendant city to dissolve the injunction on the ground, among others, that the said judge was without legal authority to act in the suit by reason of being

a consumer of water within the city, and personally interested in the subject matter of the litigation. The motion to dissolve was overruled by Judge Holt in vacation, and this proceeding followed.

The petition proceeds upon the theory that Judge Holt, being a consumer of water supplied by the city water works, is in the same situation as the plaintiffs in said bill, and disqualified from acting as judge in that suit, or touching the subject matter of that litigation, by reason of interest. The fact is not denied, but conceded, that Judge Holt is a consumer of water from the city water works, and in the same situation as the plaintiffs in said bill, although not made a party therein by name. The first question for us to determine is, whether or not Judge Holt, being so situated, is disqualified by reason of interest from acting as judge in that suit. In order to disqualify, the interest of the judge must not be merely an interest in the legal question involved in the suit, but an interest in the subject matter to be determined thereby. *Forest Coal Co.* v. *Doolittle, Judge, &c.*, 54 W. Va. 210.

We must see if this is the kind of a suit which, if maintainable at all, could be maintained by the plaintiffs named suing on behalf of themselves and all others similarly situated. The general equity rule is that all parties in interest must be before the court; but there are certain exceptions to this rule which are as clearly established and as well settled as the rule itself. In cases to which the exceptions apply one or more persons representing a class or common interest or common rights are permitted to sue on behalf of themselves and all others in the same situation. The exceptions to the rule have grown up as matters of necessity to meet the ends of justice. To undertake to review all the authorities defining and sustaining the exceptions would be impracticable in this opinion. We shall content ourselves with the citation of a few of those most pertinent to the case in hand: "The rule requiring all parties interested in the subject matter or object of the suit to be made parties, however numerous, is relaxed when its observance becomes extremely difficult or inconvenient, and a person holding a common interest with numerous others may sue in his own name in behalf of himself and such other persons without joining them in the suit." Hogg's Equity Proced., section 39.

"In some cases the persons who hold a common relation to the subject are so numerous that to attempt to unite them all in one suit would be, even if practicable, very inconvenient, and would subject the proceedings to the danger of perpetual abatement and other impediments from intermediate deaths, marriages, incompetency, or change of interests.   *   *   * In such cases the court will allow a bill to be brought by some of the parties on behalf of themselves and all others, taking care that there shall be a due representation of all substantial interests before the court." Bart. Ch. Prac., section 47.

A clear statement of exceptions is contained in Judge Story's work on Equity Pleading. This eminent author says: "The most usual cases arranging themselves under this head of exceptions are: (1) Where the question is one of common or general interest and one or more sue or defend for the benefit of the whole; (2) Where the parties form a voluntary association for public or private purposes and those who sue or defend may fairly be presumed to represent the rights and interests of the whole; (3) Where the parties are very numerous and, although they have or may have separate, distinct interests, yet it is impracticable to bring them all before the court."

In speaking of the third class of cases mentioned above the same author says: "In this class of cases there is usually a privity of interest between the parties, but such a privity is not the foundation of the exception. On the contrary it is sustained in some cases where no such privity exists. However, in all of them there always exists a common interest or a common right which the bill seeks to establish and enforce, or a general claim or privilege, which it seeks to establish or to narrow or take away.   *   *   *   *   *   *   *   In all these classes of cases it is apparent that all the parties stand or are supposed to stand in the same situation, and have one common right, or one common interest the operation and protection of which will be for the common benefit of all, and cannot be to the injury of any. It is under such circumstances, and with such objects that the bill is permitted to be filed by a few on behalf of themselves and all others, or against a few and yet to bind the rights and interests of the others." Story's Equity Pl. sections 97, 120, 126. As bearing upon and sustaining the exceptions mentioned see *Smith et al.* v.

*Swormstedt et al.*, 16 Howard 288: Beech on Inj. 365; *R. R. Co.* v. *Gibson*, 85 Ga. 1; 2 Spelling on Inj. 973; 15 Enc. Pl. & Prac. 629; Fletcher Eq. Pl. & Pr. section 26; 1 Daniels Ch. Pl. & Pr. 238; *Bull* v. *Read*, 13 Grat. 86.

Where such suit in equity is permitted under the exceptions the bill must show that it is brought on behalf of those whom the plaintiffs represent and sufficient parties must be before the court to enable it to fairly and fully adjudicate the questions involved. It seems clear to us that the suit of *Whitescarver et al.* v. *The City of Grafton* comes within the exceptions, and that the suit, if maintainable at all is maintainable by the plaintiffs suing on behalf of themselves and all others in the same situation. All consumers have a common interest, a common right in the subject matter of the litigation. The number of consumers is large. To require all of them to be before the court would occasion great inconvenience, if not a practical denial of the right to have the subject matter adjudicated and determined.

Having decided that the suit in equity, if maintainable at all, was properly brought by the plaintiffs on their own behalf and on behalf of all others in the same situation, we have yet to determine what is the character of the interest of Judge Holt standing in the same situation as the plaintiffs named. In such a suit a person standing in the same situation as the plaintiffs is termed a *quasi* party and for many purposes has the right of an actual party. 15 Enc. Pl. & Pr., page 635. It seems that such person is bound by the decree which may be pronounced in the suit, although he does not come into the suit before the decree. This is true in those jurisdictions which, like ours, have no equity rules requiring that the decree be without prejudice to the party standing in the same situation, but not named, unless such party comes into the suit before the decree. 15 Enc. Pl. & Pr. 635; Story's Eq. P. 136. But whether a *quasi* party is bound by the decree or not, he has the right to come into the suit at any time before the decree and take the benefit of it. 15 Enc. Pl. & Pr. 636.

This being true, Judge Holt has the right in that suit to come in and take the benefit of any decree which may be pronounced therein. In either case he has a disqualifying interest. The right (a right of value) to come in and take the benefit of the decree constitutes a disqualifying inter

est as much as if he were bound by the decree without coming in. Otherwise we have the anomolous situation of a judge sitting on the hearing of a case in which he has the right to come in and take the benefit of the decree pronounced by him, and thereby derive a pecuniary benefit. It may be said that Judge Holt has signified no intention of coming into the suit and taking the benefit of the decree, but this is immaterial. The mere fact that he has the right to do so disqualifies. *Finley* v. *Smith*, 42 W. Va. 299; *Forest Coal Co.* v. *Doolittle, Judge, etc., supra; Moses* v. *Julian*, 45 N. H. 52. Suitors are entitled to a fair and impartial judgment upon the matters in litigation, and to have that judgment pronounced by a fair and impartial tribunal. Otherwise courts of justice are but mockeries, and their judgments are without credit or respect. The maxim of the common law, "*Nemo debit esse judex in propia causa*," remains inviolate in this State.

It is claimed, however, that Judge Holt is qualified by reason of our statute, Code of 1899, chapter 62, page 1106, which provides that no judge of any court shall be disqualified from performing his official duties with respect to any cause by reason of the fact that he is a citizen and a taxpayer of the municipal corporation which is interested in, or is a party to such cause. In order for this provision to render Judge Holt qualified to act in that suit, it must be assumed that the rates of charge for water are taxes and that Judge Holt is only interested in common with the other taxpayers of the city in resisting the payment of taxes. We cannot give assent to that proposition. Water rates exacted by a public corporation from actual consumers are not taxes, but are merely the price of a commodity. The charges for water do not constitute a uniform assessment against all or any persons or property within the city. It is wholly optional with the consumer whether or not he will take water from the city water works. All of the inhabitants may refuse to do so and in that event the water rates cannot be collected from them. The city is empowered under its charter to deal in a public utility and it charges and collects therefor in the same manner as an individual or private corporation engaged in the same business. 30 Amer. & Eng. Enc. of Law 422; *Wagner* v. *Rock Island*, 146 Ill. 139; Dillon's Munic. Corp. 821;

*Prov. Sav. Inst.* v. *Jersey City*, 113 U. S. 506; 1 Cooley on Taxation 5.

It is contended by the petitioner that the writ of prohibition should issue in this proceeding operating to vacate and annul the order awarding the temporary injunction on the grounds that the judge was disqualified when he made the order and that there is no equity in the bill. Notwithstanding the fact that Judge Holt was disqualified at the time he made the order awarding the injunction, the order is not void, but voidable. *Forest Coal Co.* v. *Doolittle, Judge, etc. supra: Finley* v. *Smith, supra; Moses* v. *Julian, supra;* 17 Amer. & Eng. Enc. of Law, 742.

A writ of prohibition cannot be made a process for the correction of errors and take the place of an appeal or writ of error. *County Court* v. *Boreman*, 34 W. Va. 362; *State* v. *Kyle*, 8 W. Va. 711; *Sperry* v. *Sanders*, 50 W. Va. 70; *McConiha* v. *Guthrie*, 21 W. Va. 140; *Johnson* v. *Hunter*, 50 W. Va. 52; *N. & W. Railway Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574; *Yates* v. *Taylor County Court*, 47 W. Va. 376; *Morley* v. *Godfrey*, 54 W. Va. 54. A number of our cases hold that where there is a total want of jurisdiction and the judgment is void the enforcement of the judgment may be prevented by a writ of prohibition, but those cases do not apply here where the order complained of is only voidable, and we have not examined the bill for the purpose of seeing whether it is with or without equity. If it be without equity or if the order complained of may be avoided the City of Grafton has another plain and adequate remedy.

This proceeding was argued and submitted at the September Term, 1905, of this Court. On the 18th of October, 1905, being the first day of this special term, the City of Grafton pursuant to notice made a motion to strike out the answer of Judge Holt in this proceeding as being frivolous, impertinent and scandalous and as being foreign to a proper defense. The record does not disclose that any motion was made to strike out the answer previous to or at the hearing and submission of this proceeding, and such motion now comes too late to be considered.

It follows from what we have said that a writ of prohibition must be awarded restraining the Hon. John Homer Holt, Judge of the circuit court of Taylor county, from

further acting as judge in the hearing and determination of said chancery suit, but not from entering such orders as shall be necessary to bring the suit to a hearing and determination before a qualified court or judge.

In awarding this writ we do so without in any way reflecting upon Judge Holt. He no doubt was perfectly honest and sincere in the belief that he was qualified to sit in the suit mentioned and that it was his duty to do so. It is often a question of grave doubt as to the qualification of a judge, and he should not refuse to sit when qualified any more than he should insist on sitting when disqualified.

*Writ Awarded.*