[Civ. No. 15732. Third Dist. Feb. 10, 1976.]

CENTRAL AND WEST BASIN WATER
REPLENISHMENT DISTRICT et al., Petitioners, v.
DELBERT E. WONG, as Judge of the Superior Court, etc.,
Respondent;
DAVID DAAR et al., Real Parties in Interest.

**COUNSEL**

Martin E. Whelan, Jr., James L. Markham, Robert P. Will, Fred Vanding, Jarlath Oley, Helm & Budinger, Ralph Helm, David B. Brearley, Rutan & Tucker, and Milford W. Dahl, Sr., for Petitioners.

No appearance for Respondent.

David Daar, in pro. per., and Michael R. Newman for Real Parties in Interest.

**OPINION**

**THE COURT.**—Petitioners seek a writ of prohibition to prevent the Honorable Delbert E. Wong, Judge of the Los Angeles Superior Court, from presiding at the trial in the case of David Daar, et al. v. The Metropolitan Water District of Southern California, et al., on the ground that he is disqualified under Code of Civil Procedure section 170, subdivision 1, because he has a nonwaivable interest in the proceeding.

The underlying suit is a class action on behalf of all persons within the Metropolitan Water District who are property taxpayers or who receive water supplied by the MWD at the rate charged for "domestic and municipal" purposes. The suit alleges that the district sells water to other users (including apparently the intervener Water Replenishment Districts), at a lower "groundwater replenishment" rate, some of which water is in fact used for domestic and municipal purposes. The plaintiff seeks a decree compelling the MWD to charge these other users the "domestic and municipal" rate for all water which is actually put to such use by them.

The suit further alleges that such a decree will result in increased revenues to the MWD, which in turn may result in reduced property

taxes and/or lower domestic and municipal water rates. Approximately 10.5 million persons in 6 counties are supplied directly or indirectly with MWD water. The outcome of this litigation may, of course, affect each of them.

Judge Wong owns and resides in a home located within MWD in Los Angeles, has paid and will pay real property taxes to MWD and pays for and utilizes water supplied by the Department of Water and Power of the City of Los Angeles, which in turn purchases a portion of its water supply from MWD at the domestic and municipal rate. The parties here stipulated to the assignment of Judge Wong to the case and have expressed willingness to waive any waivable disqualification.

This petition resulted from doubts by the parties and the judge as to whether the judge's "interest" as a taxpayer and ratepayer could be waived. The petition was originally filed in the Supreme Court, which transferred it to the Court of Appeal for the Second District. It was then retransferred to this court when it became apparent that all or most of the justices of the Second and Fourth Appellate Districts had similar interests as taxpayers or ratepayers of MWD water.

Although Code of Civil Procedure section 170 permits the waiver of subdivisions 2, 3, 4, 5 and 6, a disqualification under subdivision 1 may not be waived by the parties. (*Lindsay-Strathmore I. Dist.* v. *Superior Ct.* (1920) 182 Cal. 315, 333-334 [187 P. 1056]; *City of Vallejo* v. *Superior Court* (1926) 199 Cal. 408, 414-415 [249 P. 1084, 48 A.L.R. 610]; *Hall* v. *Superior Court* (1926) 198 Cal. 373, 382 [245 P. 814]; *Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 386, 390 [139 P.2d 930].)

Code of Civil Procedure section 170 provides in part: "No justice or judge shall sit or act as such in any action or proceeding: 1. To which he is a party; or in which he is interested . . . ." The word "interested" has been said to embrace "only an interest that is direct, proximate, substantial, and certain, and does not embrace . . . a remote, indirect, contingent, uncertain, and shadowy interest . . . ." (*Oakland* v. *Oakland Water Front Co.* (1897) 118 Cal. 249, 252 [50 P. 268]; see also *Lassen Irr. Co.* v. *Superior Court* (1907) 151 Cal. 357, 361-362 [90 P. 709]; *County of Nevada* v. *Superior Court* (1974) 10 Cal.3d 663, 664 [111 Cal.Rptr. 568, 517 P.2d 832].)

Thus, where the *validity* of a special property tax is the subject of the litigation whose outcome will, without any further official action,

prevent or impose a tax upon the judge's property, he is disqualified. (*Meyer* v. *City of San Diego* (1898) 121 Cal. 102, 110-111 [53 P. 434].)

■ The same rule applies where the judge's property is directly affected by his decision, for example, when his decision will stop the flow of mining tailings onto his property (*North Bloomfield G. M. Co.* v. *Keyser* (1881) 58 Cal. 315, 323); or prevent the diversion of underground water under his land (*Lindsay-Strathmore Irr. Dist.* v. *Superior Ct.,* *supra,* 182 Cal. 315). It should also apply where the judge is asked to rule on the validity of an increase in water rates, including his own. (See *Grafton* v. *Holt* (1905) 58 W.Va. 182 [52 S.E. 21].)

■ On the other hand, it has been held that the mere fact that the outcome of litigation might have a conceivable effect upon a tax rate will not disqualify a judge-taxpayer. (*Oakland* v. *Oakland Water Front Co.,* *supra; Higgins* v. *City of San Diego* (1899) 126 Cal. 303 [58 P. 700, 59 P. 209]; *Los Angeles* v. *Pomeroy* (1901) 133 Cal. 529 [65 P. 1049]; *Cuyamaca Water Co.* v. *Superior Court* (1924) 193 Cal. 584 [226 P. 604, 33 A.L.R. 1316].)

What emerges from these cases is that a judge will not be disqualified unless his decision would have a direct and ascertainable impact upon him or his property. Such an impact will not be deemed to exist unless the effect of his decision on his interest can be predicted in advance with assurance. If his decision will actually raise or lower taxes on his property, or if his costs for water will be increased or reduced, he is disqualified. But if these predictions cannot be made with some degree of certainty because an independent determination must be made by an independent body whose action is not a foregone conclusion, then he is not disqualified.

The latter is the case here. Regardless of the outcome of this litigation, MWD's board of directors will have entirely independent discretion in setting the tax rate. If revenues are increased as a result of this lawsuit, the board may decide to utilize the money for purposes other than reduction of the tax rate. Likewise, any increase in the "water replenishment" rate will not necessarily result in an increase to customers of the various Water Replenishment Districts, because their boards of directors may find alternative sources of water or revenue which will ameliorate the increased rate charged by MWD. Nor will MWD water rates necessarily fall, as the board may use the income for other purposes. Moreover, as to Judge Wong, even if MWD rates fell, there is no

certainty that the Department of Water and Power of the City of Los Angeles would pass along the decrease pro rata to its customers. The effect of the litigation upon Judge Wong is too contingent and attenuated to constitute an "interest" within the meaning of subdivision 1 of section 170. Therefore he is not disqualified by that subdivision.

The petition for prohibition was filed with service upon the real parties in interest, who filed responsive points and authorities. We may thus render a decision on the merits without first issuing an order to show cause. (Code Civ. Proc., §§ 1088, 1105; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

The petition for a writ of prohibition is denied.