[Civ. No. 20850. Third Dist. Sept. 22, 1981.]

FRANK W. HARTY, as Sheriff, etc., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,
Respondent;
MONTE D. McFALL, as Marshal, etc., Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Nancy Sweet, Deputy Attorney General, Joseph H. Baker, District Attorney, and Alvan E. Norris, Assistant District Attorney, for Petitioner.

No appearance for Respondent.

Monte D. McFall, in pro. per., for Real Party in Interest.

## OPINION

PUGLIA, P. J.—In this proceeding for extraordinary relief petitioner Frank W. Harty, the Sheriff of San Joaquin County, challenges an order made by respondent superior court releasing to real party in interest, Monte McFall, the Marshal of the Manteca-Ripon-Escalon-Tracy (Manteca) Municipal Court District, a .45 caliber Colt Commander pistol. The pistol had previously been seized by the Manteca Police Department from Gary Michael Hall who, as a consequence, was charged in the Manteca Municipal Court with a violation of Penal Code section 12025, prohibiting the concealed carrying of a concealable firearm without a license. (Hereafter all statutory references are to sections of the Penal Code.) Hall had pleaded guilty and the firearm had been confiscated by the municipal court, which ordered it transferred from the Manteca Police Department to the custody of the marshal for use in his official duties. The firearm had not been received in evidence in the municipal court proceedings.

The pistol was later surrendered by the marshal to sheriff's officers of petitioner's department in connection with an allegation of criminal conduct on the part of the marshal. Upon investigation, the Grand Jury of San Joaquin County refused to indict the marshal and he subsequently moved respondent court for return of the pistol. His motion was opposed by petitioner. Respondent court ordered the return of the weapon to the marshal, rejecting petitioner's contention that the original order of the municipal court transferring possession of the weapon to the marshal was beyond that court's jurisdiction. This petition followed.

We conclude that respondent court abused discretion in ordering the return by the sheriff to the marshal of the previously confiscated pistol. Section 12028 expressly provides for disposition of a weapon used in a violation of section 12025. The former section specifies the public officers to whom possession of such a weapon may be transferred. The marshal of a judicial district is not included therein. Although a marshal is a peace officer (§ 830.1), he is not a proper recipient for confiscated weapons used in a violation of section 12025 simply because the Legislature has not deigned to include him in section 12028 among those so designated.

Sections 12028 and 12030 do provide for the use by law enforcement agencies of confiscated weapons; such use however is confined to those

agencies specified in section 12028 as authorized recipients of confiscated weapons. Those agencies may "retain" such weapons and either use them or relinquish them to a criminalistics laboratory operating under state or local jurisdiction. (§ 12030.)

Section 1419, authorizing the trial court to order certain evidence destroyed, sold or "otherwise disposed of," does not support the marshal's claim to the weapon. That section applies to "any dangerous or deadly weapons." In contrast sections 12028 and 12030 apply only to firearms and "weapons mentioned in sections 653k and 12020" which are unlawfully carried concealed upon the person or within the vehicle of the carrier. (§ 12028.) To the extent the coverage of section 1419 and sections 12028 and 12030 is coextensive, the latter sections, being the more specific, must prevail. In any event, section 1419 has no application here because the firearm in question was not "filed as an exhibit" in the municipal court.

The original order by the municipal court was in excess of jurisdiction and could not confer lawful possession of the weapon upon the marshal. Respondent court's order was therefore an abuse of discretion for the correction of which mandamus will lie.

Application for the writ herein was made on due notice and real party in interest has filed a response. (Cal. Rules of Court, rule 56(b).) Under the circumstances, this court is empowered to issue a peremptory writ in the first instance without issuance of an alternative writ. (Code Civ. Proc., § 1088; *Central & West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 196 [127 Cal.Rptr. 448]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order releasing the .45 caliber Colt Commander pistol to real party in interest Monte McFall, and to enter instead its order denying the release of such property and directing the return of such property to the possession of the sheriff, to be disposed of according to law.

Regan, J., and Blease, J., concurred.

A petition for a rehearing was denied October 16, 1981, and the petition of real party in interest for a hearing by the Supreme Court was denied December 9, 1981.