[Civ. No. 22957. Third Dist. June 30, 1983.]

FRANK W. POZAR, Petitioner, v.
DEPARTMENT OF TRANSPORTATION, Respondent.

**COUNSEL**

Dillin & Bader and Hiram S. Dillin for Petitioner.

Robert F. Carlson, Orrin F. Finch and Ralph E. Livingston for Respondent.

**OPINION**

**PUGLIA, P. J.**—Petitioner seeks a writ of mandate from this court (Code Civ. Proc., § 1085) to compel respondent (Caltrans) to follow its published procedure for resolving discrepancies in bid figures. We shall issue the writ.

The facts are not in dispute. On March 23, 1983, petitioner submitted a proposal on contract No. 09-071004, a highway construction project in Mono County. The proposal included a list of required products and services and an estimated quantity for each item. Petitioner supplied a price per unit and a total price for each item. One of the 37 required items was "Binder (Dust Palliative)." The estimated quantity was 90 tons. Petitioner proposed a unit price of $20 per ton and a total price of $18,000 for binder. One of the figures is obviously incorrect. If the correct unit price is $20, the total price would be $1,800. If the $18,000 total is correct, the correct unit price would be $200 per ton.

The discrepancy between the unit and total price is critical in this instance. If petitioner's bid is calculated at $1,800 for binder, he is the lowest bidder on the contract. His total bid (the sum of 37 item totals) of $1,689,780 is $2,423 less than the next lowest of the eight responsible bidders. If the $18,000 total figure for binder is used, petitioner's bid is $1,705,980, and he is not the lowest bidder.

The form Caltrans supplies for bids or proposals contains the following language as to discrepancies between per-unit and unit price totals: "In case of discrepancy between the item price and the total set forth for a unit basis item, the item price shall prevail, provided, however, if the amount set forth as an item price is ambiguous, unintelligible or uncertain for any cause, or is omitted, or is the same amount as the entry in the 'Total' column, then the amount set forth in the 'Total' column for the item shall prevail and shall be divided by the estimated quantity for the item and the price thus obtained shall be the item price."

Following its established practice and the provision quoted above, Caltrans calculated petitioner's total bid using the per-unit price ($20) times the estimated quantity (90 tons). Thus calculated, petitioner's total bid was the lowest received. The bid was then referred to the Caltrans legal office for an opinion. The legal office concluded the entire bid was uncertain because of the discrepancy and that application of the item price priority rule would be arbitrary. Noting that the Caltrans engineer had estimated binder cost at $300 per ton, the legal office concluded petitioner could not have intended to bid $20 per ton and the total bid should include $18,000 for binder and be $1,705,980. Caltrans accepted the opinion and decided to award the contract to another bidder.

Petitioner's application to the superior court for relief was denied, and the instant petition was filed in this court. We issued a stay of the contract award pending consideration of the merits of the petition.

Petitioner's assertions of urgency, uncontradicted by Caltrans, establish that he has no adequate remedy at law (see Code Civ. Proc., § 1086; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 91, 92, pp. 3867-3868). The contract award is pending and the work is presumably to be performed this summer.

■ This court has no power to direct the award of a public contract to any individual. (*Judson Pacific-Murphy Corp.* v. *Durkee* (1956) 144 Cal.App.2d 377, 381 [301 P.2d 97].) We can, however, direct an agency to follow its own rules when it has a ministerial duty to do so or when it has abused its discretion. (*Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 344-345 [124 Cal.Rptr. 513, 540 P.2d 609].) Here, as in the *Glendale* case, we are concerned with a ministerial duty. Caltrans' own rules obligate it to accept the per-unit price in the absence of specified circumstances, none of which are here present. The per-unit price of $20 is neither ambiguous, unintelligible, uncertain, nor otherwise within any exception to the rule.

■ The instant petition has been served upon respondent and it has filed opposition to the petition. Under these circumstances, this court is empowered to issue a peremptory writ of mandate without first issuing an alternative writ. (Code Civ. Proc., § 1088; *Central & West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 196 [127 Cal.Rptr. 448]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing respondent Caltrans to compute petitioner's bid in contract No. 09-071004 using the $20 per ton figure for item 13. The stay heretofore issued will be dissolved upon compliance with or finality of this decision, whichever is earlier.

Evans, J., and Blease, J., concurred.