[S. F. No. 4695. In Bank.—May 28, 1907.]

## LASSEN IRRIGATION COMPANY, Petitioner, v. SUPERIOR COURT OF LASSEN COUNTY, and FRANK A. KELLEY, Judge, Respondents.

PRACTICE—DISQUALIFICATION OF JUDGE—INTEREST IN ACTION—ACTION FOR DAMAGES FOR FAILURE TO DELIVER WATER.—In an action against a water company whose waters were obtained by diversion from a natural stream and stored in reservoirs, the sole purpose of which action was to recover damages from it for its failure to deliver to the plaintiff the amount of water to which he was entitled under a contract with the company and which the complaint alleged the company was able to supply from the quantity of water it had on hand, an answer of the company denying that the plaintiff was entitled to the full supply of water alleged, but admitting that he was entitled to share with a large number of other persons in whatever water the company might have for distribution, and also alleging that certain persons, including the judge of the court, were entitled to prior and paramount rights in the waters of the stream, that the company had only a right to the surplus waters thereof, and that during the time complained of the owners of

these paramount rights claimed that the company was taking more water than it was entitled to, and that a complete determination of the issues could not be had without bringing all those parties, including said judge, into court as parties to the action, shows no necessity of joining the owners of such paramount rights as parties to the action, and the judge of the court, before whom the action is pending, is not disqualified from trying it.

ID.—WHAT INTEREST DISQUALIFIES JUDGE.—The interest in an action which disqualifies a judge who possesses it from trying the cause is a property or personal interest, an interest in the event of the suit, in the judgment which may be rendered therein. It must affect him, either in person or property, directly or indirectly. A mere sentimental interest or an interest in the facts which the issues make it necessary for him to determine, which may tend to induce him to give more weight to the evidence for one party than to the evidence for the other respecting such facts is not the interest which will disqualify him. It might tend to show his bias or prejudice, and might disqualify him on that ground.

ID.—PROHIBITION—BIAS OF JUDGE IN FAVOR OF APPLICANT.—A writ of prohibition will not lie to prevent a judge from trying a case on the ground of his bias or prejudice, when the facts relied on could only tend to create a bias or prejudice in favor of the party applying for the writ.

ID.—ADVICE GIVEN BY JUDGE TO THIRD PERSONS.—Section 170 of the Code of Civil Procedure does not disqualify a judge from trying a particular action merely because he has counseled or advised with other persons not parties to the action who are alleged to have similar causes of action with the one involved. And on an application by a defendant in the particular action for a writ of prohibition to restrain him from trying it, a mere allegation that he has given such advice, without an averment showing whether it was for or against such defendant, is not sufficient to show actual bias.

APPLICATION for a Writ of Prohibition to the Superior Court of Lassen County. Frank A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, for Petitioner.

N. J. Barry, for Respondents.

SHAW, J.—This is a proceeding in prohibition to prevent the respondent Hon. Frank A. Kelley, as judge of the superior court of Lassen County, from presiding in the trial of the case of A. E. Torrey *v.* Lassen Irrigation Company, pending in said court. The basis of the petition is that

said Frank A. Kelley is disqualified to act as judge on the trial of said case, by reason of interest and bias. We will assume, for the purposes of the decision, that the facts stated in the petition to demonstrate that the remedy by appeal is inadequate are sufficient for that purpose, and we will consider the case upon its merits.

The complaint of Torrey, in the suit against the Lassen Irrigation Company, states a cause of action for damages only. It alleges, in substance, that the company is engaged in the business of diverting water from Susan River, by means of storage reservoirs and diverting dams, and of selling said water to the owners of the lands within the district to which the use of said water is appropriated, for the irrigation of their lands; that Torrey was entitled to receive from said company, during the irrigating season of 1905, for the irrigation of his land, consisting of forty acres, a certain quantity of said water; that there was in Susan River and in the reservoirs of the company, during said season, sufficient water belonging to said company to supply all its customers, including Torrey, with the water to which they were respectively entitled, but that the company failed and refused to deliver any water to Torrey, whereby he was damaged, by the loss of crops, in a large sum of money, for which judgment is asked.

The complaint also includes a prayer that the amount of water to which the plaintiff, Torrey, is entitled from the defendant, be determined, and that his title thereto be quieted. But no facts are alleged as a foundation for such relief. The complaint shows that the amount of water to be delivered by the company to Torrey was fixed by written contract by definite measurement, the maximum quantity being eighteen acre inches each year, but not exceeding the amount necessary to irrigate the forty acres of land in question. It is not alleged that there is any dispute whatever between the parties concerning the quantity of water due to the plaintiff, Torrey, from the company, nor that the company has ever denied his right to the amount fixed by the contract, or his due proportion of the amount, in case the supply from the river proved insufficient for all those entitled. And as the only breach of duty alleged was the refusal to deliver the water for the year 1905, and it is

alleged that during that year there was enough water for all the persons entitled, there appears in the complaint no ground for any dispute over the right of the plaintiff to the water of which he was deprived, and the complaint cannot be considered in any other character than as a statement of a cause of action for damages alone.

The company filed an answer to this complaint, denying that Torrey was entitled to the full supply of water alleged, but admitting that he was entitled to share with a large number of other persons in whatever water the company might have for distribution. It also alleged, in defense, that certain persons, including Frank A. Kelley, the judge of said court, were entitled to prior and paramount rights in the waters of Susan River; that the company had the right only to such quantity of water as should be left in the river after the paramount rights were supplied; that, during the year 1905, the owners of these paramount rights claimed that the company was taking more water than it was entitled to take from the river, and that a complete determination of the issues in the case could not be had without bringing all those parties, including said Frank A. Kelley, into court as parties to the action.

Thereupon the company filed an application for a change of venue of the case and that another judge be called to preside at the trial. This application was denied and the respondent, as judge of the superior court, was about to proceed to sit in that capacity in the trial of the case. The object of this proceeding is to prevent him from so doing. In support of the application an affidavit was filed to the effect that the respondent Kelley was, by reason of his ownership of the paramount right to a portion of the waters of Susan River, interested in the result of the action and in the determination of the controversy between the parties thereto, and that he is also disqualified by reason of his relationship to certain other persons, who are also owners of paramount rights in said water. Said company at the same time presented motions to have the said owners of paramount rights to the water made parties to the action, and this motion was also denied.

The owners of these paramount rights were not necessary parties to the action. The answer did not state any facts

which would justify the court in determining the rights
of these parties, or which would require an adjudication
of their rights. And for similar reasons, it did not show
that Frank A. Kelley, or any of the other owners of the
prior rights, were interested in the determination of the
case of Torrey against the Lassen Irrigation Company.
The company could defend that action by showing that the
plaintiff did not have an absolute right to a certain amount
of water, but only a right to a share of such water as the
company itself was entitled to take from the river, and that
his share of the water the company could obtain was de-
livered to him, or that, by reason of circumstances beyond
his control and for which it was not legally responsible,
its supply had failed. It could show, in defense, that after
the parties having preferred rights had taken their portion
of the water, there was none left, or not enough to supply
Torrey. This might make it necessary to prove at the trial
the amount to which Judge Kelley had the prior right and
the amount he actually took in pursuance thereof. It may
be conceded that in weighing such evidence the judge
might not be entirely unprejudiced. Nevertheless, the fact
that he would be required to weigh the evidence and deter-
mine the fact does not make him legally interested in the
action, nor in the result thereof. It was not an action against
him, and no judgment which he could render therein would
in the least determine, or affect, his own property rights or
interests. The only judgment that could properly be given
in the action would be a judgment in favor of the plaintiff
for such damages as the court should find he had suffered
by the deprivation of the water, or a judgment in favor of
the defendant, that the plaintiff take nothing. No adjudi-
cation as to the relative rights of the defendant company
and the other persons alleged to have or claim prior rights
in the river would have been proper. The interest in an
action which disqualifies a judge who possesses it from
trying the cause is a property or personal interest, an inter-
est, in the event of the suit, in the judgment which may be
rendered therein. It must affect him, either in person or
property, directly or indirectly. A mere sentimental interest,
or an interest in the facts which the issues make it neces-
sary for him to determine, which may tend to induce him

to give more weight to the evidence for one party than to the evidence for the other, respecting such facts, is not the interest which will disqualify him. It may tend to show his bias or prejudice, and he may be disqualified on that ground, but it will not be sufficient to disqualify him on the ground that he is interested in the action, or in the result thereof, or on the ground that he is of kin to other persons in a similar situation, or that he had been the attorney for such persons. The adjudication he might make in the case, respecting the amount of water required to supply his prior right, and the consequent amount to which the Lassen Irrigation Company was entitled, would be of no benefit whatever to him in any subsequent action or controversy. The case is, therefore, unlike *North Bloomfield M. Co.* v. *Keyser,* 58 Cal. 315.

With respect to the effect of these circumstances as evidence of bias and prejudice of the judge sufficient to disqualify him on that ground, we may say that whatever bias or prejudice they would create in the mind of the judge, concerning the action, would be in favor of the Lassen Irrigation Company, not against it, and that a party cannot insist, as a matter of right, on the calling in of another judge, solely on the ground that the judge presiding is prejudiced in his favor. He cannot obtain a writ of prohibition to prevent judicial action favorable to himself. The effort of the company, on the trial of the case, would be to prove that, by reason of the water taken by Judge Kelley and the other holders of prior rights, there was not enough left to give Torrey more than he actually received, and, for that purpose, to show the prior rights to be as large as possible. The bias of the judge from his ownership of these prior rights and his relationship to the other owners, if it affected him at all, would lead him to enlarge the prior rights, and thereby to favor the company in this action rather than Torrey. This would cause no injury to the company.

Another ground of the motion was that other persons had claims against the company for the delivery of water from the company, or for damages, identical with those of the plaintiff, Torrey, and that Judge Kelley "has counseled with parties holding and making such claims, . . . and advised

them of the legality and effect of their claims." It does not
appear from this averment that he counseled or advised
them in a professional capacity, or otherwise than as a
friend, but, in any event, the statute does not disqualify
a judge for counseling or advising with persons who are
not parties to the action. (Code Civ. Proc., sec. 170.) It
does not appear whether the advice he gave was for or
against the company, and therefore the averment is not
sufficient to show actual bias.

We do not think the affidavit and pleadings are sufficient
to show that the judge is disqualified, or that any cause is
shown for prohibition.

The writ is denied.

McFarland, J., Sloss, J., Angellotti, J., and Beatty, C. J.,
concurred.