[L. A. No. 3795. In Bank.—February 9, 1915.]

## CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. WILLIAM D. DEHY, as Judge of the Superior Court of Inyo County, Respondent.

DISQUALIFICATION OF JUDGE—ACTION INVOLVING ISSUE AS TO QUANTITY OF WATER TO BE TAKEN UNDER RIGHT OF DIVERSION—JUDGE OWNING LOWER RIPARIAN LANDS.—The judge of the superior court of Inyo County, owning lands riparian to the Owens River, is disqualified from trying an action to which he is not a party, but which necessarily involved an issue as to the quantity of the water of the river one of the parties to the action has the right to divert therefrom above and to the exclusion of the lands of the judge, as the smaller the interest in the stream ascertained to be possessed by such party, the greater remaining water there would be in the river to which riparian rights might be asserted by the judge.

APPLICATION for a Writ of Prohibition directed to the Judge of the Superior Court of Inyo County.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, W. B. Matthews, and S. B. Robinson, for Petitioner.

Edward R. Eliassen, John S. Partridge, A. H. Swallow, Olin Wellborn, Jr., and Alfred H. McAdoo, for Respondent.

ANGELLOTTI, C. J.—This is a proceeding in prohibition originally instituted in the district court of appeal of the second district, where an alternative writ of prohibition was issued at the inception of the proceeding. A hearing being had, the petition for prohibition was denied. Within the time fixed by law, upon the application of petitioner, this decision was vacated and a hearing ordered in this court.

It is sought by this proceeding to obtain a writ prohibiting Judge Dehy from in any wise hearing, considering, or adjudicating any question of law or fact in or about an action pending in his court, wherein the Natural Soda Products Company, a corporation, is plaintiff, and petitioner here is defendant. The application is grounded on a claim of a disqualifying interest held by the respondent judge in the issues of the suit.

There is no dispute as to the material facts essential to a determination of the question presented to us for decision. Those facts sufficiently appear in the opinion of the district court of appeal, as follows:

The city of Los Angeles, the petitioner, has been for more than eight years last past engaged in the construction of an aqueduct from a point on the Owens River in the county of Inyo, to the city of Los Angeles, for the purpose of obtaining water for domestic and other uses; it has acquired the ownership of certain waters flowing in Owens River, which it has and is taking from said Owens River by means of canals and ditches. About forty miles below the place of the aqueduct intake on the Owens River is Owens Lake. The Natural Soda Products Company claims to be the owner of lands riparian to the waters of the lake and claims the right to use such waters for the purpose of extracting by evaporation the soda contained therein. In December, 1912, it brought suit in the superior court of Inyo County against petitioner, alleging that petitioner threatened to divert by means of its aqueduct, at points above Owens Lake, all of the waters of the river, and so prevent any of said waters from reaching the lake, in violation of the riparian rights of that plaintiff. It appears that at a distance of about thirty miles above the aqueduct intake the petitioner has obtained rights in water there being diverted from the river and which is now used upon lands owned by petitioner some distance below the point of such diversion. The intake of this ditch, called the "Collins ditch," is located on land owned by the respondent judge, and the ditch for more than one thousand feet traverses his said land. The Owens River also flows through the land of respondent below the intake of the Collins ditch and said land is riparian to the river. In the action brought by the Natural Soda Products Company, under the issues there made, the court would be called upon to determine what quantity of water the city of Los Angeles is entitled to divert from the Owens River. Involved in this determination necessarily would be the question as to the quantity of water acquired by the city under its Collins-ditch rights. The water diverted through the Collins ditch at present does not flow back into the river (unless some part of it reaches that stream by percolation), but is used for irrigating purposes on land owned by the city. However, the petitioner city claims the right to cease to take water

through the ditch mentioned, to restore it to the river, and take it out below the lands of respondent and at the point of the intake of the aqueduct, or other points on the river. As the matter of the total quantity of water entitled to be diverted by petitioner from the river, as before mentioned, is an issue in the suit pending before respondent judge, and as the lands of said judge are riparian to the river for some distance below the intake of the Collins ditch, the claim is made that respondent judge would be directly interested in determining the issues in that suit; that is, that the smaller the interest ascertained to be possessed by petitioner in the stream by reason of its Collins-ditch rights, the greater remaining water there would be in the river to which riparian rights might be asserted by respondent. . . . It is essential that the stipulation of the parties as to the further facts be considered: In the written stipulation as filed it is recited, among other things, that all of the matters contained in paragraph one of the separate and further answer of the respondent judge 'are, and shall be, deemed to be admitted by the petitioner to be true.' That paragraph of said answer is here quoted, and it reads as follows: 'That respondent is the owner of a tract of land described in the petition herein; that said Owens River flows through said tract of land for a distance of more than one-quarter of a mile; that the intake of the said A. O. Collins ditch referred to in the petition herein, from said Owens River, is on said tract of land; that a large quantity of water has been diverted from said Owens River by means of said intake and ditch, and said water so diverted, for more than twenty-five years last past, has been conveyed through and by means of said ditch to lands below and distant from respondent's said tract of land; that none of the waters diverted from said Owens River through or by means of said A. O. Collins ditch are now, or ever have been used on respondent's said tract of land; that respondent has not asserted or claimed, and does not assert or claim, any right or interest in or to said A. O. Collins ditch or to the waters diverted from said Owens River thereby; that respondent's said tract of land is about thirty miles above the intake of the acqueduct referred to in said petition, and is about sixty miles above the lands of the said Natural Soda Products Company, referred to in the complaint and answer in said action mentioned in said petition; that none of the waters diverted and used from said

Owens River through or by means of said A. O. Collins ditch return to said Owens River on or above respondent's said tract of land; that respondent is informed and believes and upon such information and belief alleges that whether or not the owner or owners of said A. O. Collins ditch continue to divert and convey the waters to which such owner or owners is or are entitled through or by means of said A. O. Collins ditch, as heretofore, or permit and allow said waters to flow past the intake of said ditch down through said Owens River through and past respondent's said tract of land, and thence through said aqueduct, will not and cannot affect or change the use or value of said tract of land, or any portion thereof, nor affect respondent's interest in or to said tract of land.' ''

We are clearly of the opinion that the facts stated show the disqualification of the learned trial judge to act in the case referred to. While doubtless he does not consider the outcome of that case of any great concern to himself or his property, and is satisfied that he could and would determine all the issues with absolute impartiality, it seems clear to us that he has a direct and immediate interest in at least one of the matters involved, an interest that is of pecuniary concern to him. The complaint in the action brought by the Natural Soda Products Company clearly puts the defendant city of Los Angeles to its proofs as to all of its water-rights in the Owens River above the land of such company, including, of course, its alleged right of diversion now being exercised by means of the Collins ditch. As said by the district court of appeal, ''Under the issues there made, the court would be called upon to determine what quantity of water the city of Los Angeles is entitled to divert from the Owens River. Involved in this determination necessarily would be the question as to the quantity of water acquired by the city under the Collins-ditch rights.'' It is obvious that it is to the interest of respondent as a riparian owner below the intake of the Collins ditch, that the quantity of water to be awarded the city by virtue of its Collins-ditch rights be as small as possible. The smaller the amount so awarded, the greater will be the amount left to flow over his land, subject to his rights as a riparian owner. We think there can be no doubt that this shows an interest that should be held to disqualify him from acting. It is true that he is not a party to the action, and also that, not being a party, any judgment given therein would not be binding upon him in any

subsequent litigation to which he may be a party. But, of course, under all the authorities, he may nevertheless have a disqualifying interest. We cannot but see that his interest in this question involved in the case of *Natural Soda Products Company* v. *City of Los Angeles* has all the requisites included in the definition of a disqualifying interest given by Chief Justice Shaw in *Northampton* v. *Smith,* 11 Metc. (Mass.) 390, quoted approvingly in *Meyer* v. *San Diego,* 121 Cal. 102, 108, [66 Am. St. Rep. 22, 41 L. R. A. 762, 53 Pac. 434]. The case of *North Bloomfield G. M. Co.* v. *Keyser,* 58 Cal. 315, is directly in point and controlling here notwithstanding the difference in the facts. As a riparian owner below the intake of the Collins ditch respondent is directly concerned in the judgment to be rendered in this case. Applying what is said in the case just cited to the facts here: In so far as it is based on a determination of the question of the amount of water the city of Los Angeles is entitled to take by reason of its Collins-ditch rights, the same judgment that limits the quantity that may be diverted by the city by virtue of those rights, for the benefit of the Natural Soda Products Company as a lower riparian owner, practically limits it also for his benefit as a riparian owner. In so far as it is based on such a determination, *the very judgment* that will protect the Natural Soda Products Company will protect him, as a riparian owner. It will be borne in mind that it is not suggested that he has parted with or is estopped to assert his rights as such owner. It appears to be conceded that his riparian rights are subject to whatever rights the city actually has by reason of the Collins ditch diversion. It is admitted by him that "a large quantity" of water has been diverted by means of said Collins ditch, *but the amount remains to be determined in this action.* As said in *North Bloomfield G. M. Co.* v. *Keyser,* 58 Cal. 315, "His interest, therefore, is not merely in the question of law involved in the controversy, nor is it uncertain or remote, but it is a direct and immediate interest in the result of the action." We find nothing in any of the subsequent decisions to detract from the weight to be accorded to that decision. The case of *Lassen Irrigation Co.* v. *Superior Court,* 151 Cal. 357, [90 Pac. 709], involved the question of the disqualification of the judge in an action for damages to which the judge was not a party and in which the judgment could not directly or indirectly affect him or his property. It is clearly distinguishable.

The opinion of the district court of appeal indicates that it would have concluded that the respondent was disqualified to act in this case, were it not for that portion of his answer which is admitted to be true, which we have heretofore quoted. We see nothing therein to affect the view we have already stated. What the *quantity* of water is that the city is entitled to by reason of the Collins ditch, or that has been diverted by means of said ditch, is a question that is in no way touched upon therein. It is stated that the respondent claims no right or interest in or to such water as has actually been diverted by means of said ditch, but what the quantity of that water was is a question to be determined in the action referred to. It is also stated that whether or not the owner or owners of the Collins-ditch rights divert and convey the waters *"to which he or they* is or are entitled," through or by means of the ditch, as heretofore, or allow them to flow past the intake of such ditch through the river, through and past respondent's land and thence through the aqueduct, will not and cannot affect or change the use or value of said land or any portion thereof, nor affect respondent's interest in or to said land. Regardless of the question of its correctness as matter of law, this statement means no more than that the respondent is not interested in the question *how* the water to which the city *may be found to be entitled* by reason of its Collins-ditch rights shall be conveyed. We are satisfied that it must be held that petitioner is entitled to the relief sought herein.

Let a peremptory writ of prohibition issue as prayed in the petition.

Shaw, J., Lorigan, J., Melvin, J., and Sloss, J., concurred.