[S. F. No. 11138. In Bank.—May 21, 1924.]

# THE CUYAMACA WATER COMPANY (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WATERS AND WATER RIGHTS—SAN DIEGO RIVER—RIGHTS OF INHABITANTS.—The inhabitants of the former pueblo of San Diego who were using water of San Diego River when this territory was transferred to the United States had not acquired a vested right to any particular quantity of water. The occupants of lands within the city, the pueblo's successor, are beneficiaries only to the extent that they are entitled to the use of such water and at such times as accords with the laws regulating the public and municipal trust.

[2] DISQUALIFICATION OF JUDGES—WATERS AND WATER RIGHTS—ACTION BY CITY—ISSUE INVOLVING PRIORITY OF CITY'S RIGHTS—INTEREST OF JUDGES—CHARACTER OF.—In an action by a city to quiet title to waters of a river, where the issue involved is whether the city has a right to said waters and the use thereof prior and paramount to the defendants' rights therein to the extent necessary for the needs of the city and its inhabitants, the so-called interest of the superior court judges in the outcome of said action with which they are charged upon the alleged ground that if the allegations of the complaint are true the city owns the right to the use of the waters as trustee for the inhabitants of the city, and that each of such inhabitants, including each of said judges, is the owner of a vested right in and to his proportionate share of such waters, is neither separate, severable, individual, nor defined. Said so-called interest is not a direct pecuniary or direct property interest or one involving an individual right or privilege whereby a liability or pecuniary gain would occur on the event of the suit, it being too remote and conjectural to operate as a disqualification.

[3] ID.—RIGHT OF JUDGE TO BRING SUIT AS TAXPAYER—EFFECT OF.— The contention that if the city had neglected or refused on proper demand to bring such action, either one of the superior court judges might have done so as an inhabitant, taxpayer, and property owner of the city, and that in such case he would in effect be in the position of sitting in judgment in his own case, cannot be assented to.

[4] ID.—VIOLATION OF PUBLIC RIGHTS—RIGHT OF TAXPAYERS—RIGHT OF TAXPAYING JUDGE—INTEREST.—Taxpayers have been permitted to prosecute actions for alleged violations of public rights wherein the plaintiff taxpayer's situation is one in the nature of a bene-

ficiary of a public trust, and he is allowed to litigate the question on behalf of himself and all taxpayers similarly situated; and to hold in such cases a taxpaying judge, whose rights might be said theoretically to be affected the same as the rights of the plaintiff and all other taxpayers, would be disqualified on the ground of "interest" would be an unwarranted extension of the rule.

[5] Id.—Ownership by Judge of Other Lands—Effect of Adverse Decision—Interest.—The alleged interest of one of said judges arising from his ownership of water-bearing land and water rights upon another and different stream from that involved in the present action, which lands and water rights the city, through its common council and attorneys, has publicly announced its intention to acquire in the event that it shall be unsuccessful in the instant action, and from the asserted fact that the effect of an adverse decision against the city would be to create a market for his water-bearing lands and water rights on the other stream, is not a disqualifying interest, for the reason that it is not a direct interest. If anything, it is indirect and consequential.

PROCEEDING in Prohibition to prevent all of the judges of the Superior Court of San Diego County from proceeding in a certain cause on the ground of disqualification. Writ denied.

The facts are stated in the opinion of the court.

Crouch & Sanders and Flint & MacKay for Petitioners.

S. J. Higgins, City Attorney, A. F. H. Wright, Assistant City Attorney, and Hunsaker, Britt & Cosgrove for Respondents.

THE COURT.—This is an application for a writ of prohibition to prevent all of the judges of the superior court of San Diego County from proceeding in a certain cause pending in that court wherein the city of San Diego is plaintiff and the petitioners herein are defendants. The sole ground for the application is the claim of a disqualifying interest possessed by the respondent judges under subdivision 1 of section 170 of the Code of Civil Procedure, which provides that no judge shall sit or act in any action or proceeding "in which he is interested." A general demurrer has been interposed to the petition and the matter is therefore submitted on the material facts thus admitted to be true.

The pending cause referred to is an action to quiet title. It is alleged in the complaint that prior to 1850 the pueblo of San Diego was situated along both banks of the San Diego River, and, under the laws of Spain and Mexico, was entitled to a paramount and prior right to the use of all the waters of said river in trust for its inhabitants; that upon the incorporation in 1850 of the present city of San Diego it succeeded to all of the rights of the pueblo, and ever since has been, and now is, the owner of such prior and paramount right to the use of the waters of said river in so far as the same may be necessary for the city and the inhabitants. It is further alleged that the defendants therein claim an estate and interest in and to said waters and the use thereof adverse and superior to the interest of the city of San Diego, and that such claim is without right. Plaintiff prays that the defendants be required to set forth the nature of their claims to said waters and that it be adjudged that whatever rights they possess in and to the same be declared to be subject and subordinate to the rights of the plaintiff. The theory of the action appears to be the same as that under which the city of Los Angeles established its paramount right to the use of the waters of the Los Angeles River (*Los Angeles* v. *Los Angeles etc. Co.,* 152 Cal. 645 [93 Pac. 869, 1135] ; *City of Los Angeles* v. *Hunter,* 156 Cal. 603 [105 Pac. 755] ). The nature of the right was involved in the earlier cases of *Lux* v. *Haggin,* 69 Cal. 255 [4 Pac. 919, 10 Pac. 674], and *Vernon Irr. Co.* v. *City of Los Angeles,* 106 Cal. 237 [39 Pac. 762].

It is alleged in the petition that each and all of the respondent judges are inhabitants, residents, citizens, and taxpayers of the city of San Diego, and that certain of them are owners of real property within said city. The alleged disqualification is asserted on the ground that if the allegations of the complaint are true, the city owns the right to the use of the waters as trustee for the inhabitants of the city, and that each of such inhabitants, including each of the respondent judges, is the owner of a vested right in and to his proportionate share of such waters and that the same is ascertainable and definable.

The petitioners describe the interest which will disqualify a judge as "a direct pecuniary or direct property interest or one which involves some individual right or privilege

in the subject matter of the litigation whereby a liability or pecuniary gain must occur on the event of the suit.'' In *Meyer* v. *City of San Diego,* 121 Cal. 102 [66 Am. St. Rep. 22, 41 L. R. A. 762, 53 Pac. 434], it is defined as ''any certain, definable, pecuniary, or proprietary interest or relation which will be directly affected by the judgment which may be rendered.'' In the same case it is pointed out that if the so-called interest of the judge be ''remote, contingent and speculative,'' it does not constitute a disqualifying interest.

It is contended that the status of an inhabitant of the city of San Diego as the successor of the ancient pueblo is peculiar; that in him is vested a beneficial interest in his proportionate share of the waters acquired by the pueblo; that this interest is common to all the inhabitants of the city and is a different interest than that held by an inhabitant of a city which is not the successor of a pueblo. [1] The extent of the interest of the inhabitants of the former pueblo and of the occupants of land within the city, its successor, was defined in *Lux* v. *Haggin, supra,* as follows: ''The inhabitants of the former pueblo who were using water when this territory was transferred to the United States had not acquired a vested right to any particular quantity of water. And the occupants of lands within the city, the pueblo's successor, are beneficiaries only to the extent that they are entitled to the use of such water and at such times as accords with the laws regulating the public and municipal trust.''

The right of the present inhabitants of the city as thus defined and limited may be said to be similar to that conferred by section 549 of the Civil Code, on inhabitants of all cities in the state, including cities not successors of the ancient pueblos. That section provides that ''All corporations formed to supply water to cities or towns must furnish pure fresh water to the inhabitants thereof, for family uses, so long as the supply permits, at reasonable rates and without distinction of persons, upon proper demand therefor; . . .'' The obligation enjoined by that section of the code has been held to apply to a municipal corporation (*South Pasadena* v. *Pasadena Land & Water Co.,* 152 Cal. 579 [93 Pac. 490]). If this right as thus defined does not create in an inhabitant a vested right to any particular

quantity of water it would be impossible to determine what his proportionate share would be. In the pending quiet title action it will not, of course, be determined that the city is or is not entitled to any particular quantity of water. If the litigation terminates favorably to the plaintiff, the only right which will be established and determined to be vested in the city will be a right to the water and the use thereof prior and paramount to the defendant's rights therein, and then only to the extent necessary for the needs of the city and its inhabitants. The amount needed is necessarily uncertain and conjectural and dependent upon conditions such as rainfall and other established sources of supply. The subject matter of the action is the establishment ·of the priority of right, and not the quantity of water to be taken.

Petitioners rely on numerous decisions of this court wherein a disqualification was declared to exist. Particular stress is laid on the cases of *North Bloomfield G. M. Co.* v. *Keyser,* 58 Cal. 315, *Meyer* v. *City of San Diego,* 121 Cal. 102 [66 Am. St. Rep. 22, 41 L. R. A. 762, 53 Pac. 434], *City of Los Angeles* v. *Dehy,* 169 Cal. 234 [146 Pac. 662], and *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056].

In the case of *North Bloomfield G. M. Co.* v. *Keyser, supra,* the action was brought by the city of Marysville to enjoin the mining company from prosecuting certain hydraulic work, because the effect of such work was to so fill the bed of the Yuba River as to interfere with drainage and thus endanger the lives and health of the inhabitants of the city. The respondent judge owned land, not within the city, but equally affected by the mining operations complained of. It was held that if the relief prayed for in the complaint were granted the same judgment that would stop the flow of tailings and debris on the lands of the city could stop such flow on the lands of the respondent. The interest of the judge was held to be not uncertain or remote, but a direct and immediate interest in the result of the action.

In *Meyer* v. *City of San Diego, supra,* an action was brought by a citizen and taxpayer of the city to set aside a contract between the city and a water company involving an expenditure of one million five hundred thousand dollars of the city's money, and to enjoin the issuance and sale of

bonds voted to carry out the contract. It was held that the judge, who was a resident, taxpayer, and property owner within the city, was disqualified. The disqualification was placed upon the ground that he was a property owner; that a decision upholding the validity of the contract and proposed bond issue would have the direct and certain result of immediately affecting the value of his property. The court said: "The disqualification does not spring from the fact that the judge is a citizen, inhabitant, and taxpayer of the city of San Diego, nor yet from the fact that the municipality is a party litigant in the action. It arises from the circumstance that he owns property within the city which may or may not be liable for the burden of a special tax for the period of forty years, as he shall decide. . . . The judgment which he renders in the case will be binding upon his rights and his property. His interest is in the outcome of the litigation, and it is a direct, measurable, pecuniary interest."

In the case of *City of Los Angeles* v. *Dehy, supra,* the Natural Soda Products Company instituted an action to enjoin the City of Los Angeles from diverting, by means of its aqueduct, all of the waters of the Owens River at points on the river above the lands of the plaintiff. The respondent judge owned lands riparian to the river immediately below the intake of the Collins ditch, which was the point of diversion by the city. Under the issues tendered by the complaint the court would be called upon to determine what quantity of water the city was to divert. With reference to the interest of the trial judge the court said: " . . . it seems clear to us that he has a direct and immediate interest in at least one of the matters involved, an interest that is of pecuniary concern to him. . . . It is obvious that it is to the interest of respondent as a riparian owner below the intake of the Collins ditch, that the quantity of water to be awarded the city by virtue of its Collins ditch rights be as small as possible. The smaller the amount so awarded, the greater will be the amount left to flow over his land, subject to his rights as a riparian owner."

The case of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* involved the disqualification of a judge to try an action involving conflicting claims between two irrigation districts to underground waters in which the plaintiffs

sought to enjoin the defendants from pumping operations which would have the effect of depleting those underground waters. The judge was the owner of a city lot within one of the districts, and this court held that he was disqualified because of the circumstance that the continued pumping would in time lower the water plane beneath his lot, and that his interest in the result of the litigation was therefore direct, pecuniary, and proprietary and served to disqualify him even though the extent of the interest was very small in amount.

In the case of *Oakland* v. *Oakland Water Front Co.*, 118 Cal. 249 [50 Pac. 268], on which the respondents rely, the complaint alleged that the city was the owner in fee of certain lands lying in front of the city of Oakland below the line of ordinary high tide, and alleged that the company claimed some interest or estate in and to the lands adverse to the city. The action was brought to determine such adverse claim. The defendant denied the title of the respondent and alleged title in itself. The company sought to disqualify the judges of the superior court of Alameda County on the ground that they were owners of property located in said county assessed by the city for taxes. The court said: "The theory of the appellant is, that if the respondent should recover the land sued for it might be so used as to produce some municipal revenue and thus affect to some extent the rate of taxation, as a consequence of which the taxes which the said judges would have to pay on their property might to some imaginable extent be lessened—and that thus they are interested and disqualified. . . . In our opinion the word 'interested,' as used in the section of the code relied on, embraces only an interest that is direct, proximate, substantial, and certain, and does not embrace such a remote, indirect, contingent, uncertain, and shadowy interest as that asserted as a disqualification in the case at bar." With reference to the rule that "no man shall be a judge in his own cause" the court said: "But surely that means a cause which is really his own cause; not that he must be a formal party to the record, but that it must be such a cause that a judgment rendered therein would necessarily and directly and substantially affect his personal rights. We cannot conceive that the legislature meant to declare that a mere contingent possibility that some future supposable financial

condition of a municipality might, in a slight degree, affect a judge as a taxpayer, would strip him of all his personal judicial qualities.''

In the case of *Higgins* v. *City of San Diego*, 126 Cal. 303 [58 Pac. 700, 59 Pac. 209], the plaintiffs brought the action for themselves and all taxpayers of the city against the city and the San Diego Water Company, to obtain a judgment declaring a certain lease from the water company to the city to be void and to enjoin the city and its auditor and treasurer from making any further payments to the water company thereunder. The respondent judges were resident property owners and taxpayers in the city. This court held that their interest was too remotely involved to operate as a disqualification. The court reviewed the holding in the Meyer case and said, at page 312 of 126 Cal. (58 Pac. 703):

''In the Meyer case, *supra*, the validity of the bonds was involved; by that judgment the judge was to place upon his property, or to refuse to do so, a certain, direct, definable, pecuniary burden, capable of mathematical ascertainment, and it was for this reason the judge was held to be disqualified. But such is not the case here, and we do not think the rule should be extended beyond the boundaries defined in the Meyer case. The action here is on an implied contract for the reasonable value of the use of the water company's plant, and may be tried by a jury. We can see no difference between this case and ordinary cases involving liabilities upon contract generaly where judgments may be entered against cities, counties, or the state. To hold that no taxpaying judge could sit in such cases would render the administration of justice in the courts nearly impossible.''

The case of *Los Angeles* v. *Pomeroy*, 133 Cal. 529 [65 Pac. 1049], was an action by the city to condemn certain water-bearing lands, the result of which, if successful, would be to impose upon the city the burden of paying the water company a large sum of money. The fact that the judge was a resident, taxpayer, and property owner within the city was held not to disqualify him.

[2]   We are satisfied, from an examination of the issues involved in the pending quiet title action and the authorities on the subject, that the so-called interest of the respondent judges in the outcome of the action is neither separate, severable, individual nor defined; that it is not a direct pecuniary

or direct property interest or one involving an individual right or privilege whereby a liability or pecuniary gain would occur on the event of the suit, and that the alleged interest is too remote and conjectural to operate as a disqualification.

[3]    Petitioners further contend that if the city had neglected or refused on proper demand to bring said action, either one of the respondent judges might have done so as an inhabitant, taxpayer, and property owner of the city, and that in such case he would in effect be in the position of sitting in judgment in his own case. We cannot assent to this view. If this contention be upheld it would operate to disqualify the local judges in all taxpayers' suits, and innumerable judgments heretofore rendered in this state, as was declared by the court in *Oakland* v. *Oakland Water Front Co., supra,* "would have to be held void and extreme embarrassment and confusion would follow." It was said in *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* quoting from *Johnson* v. *German etc. Co.,* 150 Cal. 336 [88 Pac. 985] : " 'any act of the disqualified judge in violation of the provisions of the statute, is absolutely void wherever brought in question.' " A reference to a few cases will illustrate that the test sought to be applied by petitioners cannot be approved. The case of *Harter* v. *San Jose,* 141 Cal. 659 [75 Pac. 344], was an action brought by a resident and taxpayer of the city of San Jose to enjoin the mayor and common council of that city from executing a lease to one Terry of a portion of a public park for hotel purposes. It was contended by the plaintiff that the city was without power to execute the lease. The case of *Spires* v. *City of Los Angeles,* 150 Cal. 64 [11 Ann. Cas. 465, 87 Pac. 1026], was an action brought by a resident and taxpayer of the city against the municipal authorities to restrain them from erecting a public library on a tract of land owned by the city of Los Angeles known as Central Park, on the ground that the city, as owner of said property, had dedicated it to the use of the public for park purposes and that such purpose would not permit erection therein of a public library building. The case of *Caulfield* v. *Berwick,* 27 Cal. App. 493 [150 Pac. 646], was an action brought by the plaintiff as a resident and taxpayer of the city of Pacific Grove to restrain the defendants, as board of trustees of the city, from

placing and maintaining tennis courts, croquet grounds, and children's playgrounds upon and in a certain public park known as Caledonia Park. The recent case of *Kelly* v. *Town of Hayward,* 192 Cal. 242 [219 Pac. 749], was an action brought by a citizen and taxpayer of the town of Hayward to secure an injunction against the erection by the board of trustees of a town hall, including rooms and offices for town officers and a jail, upon the plaza in said town.

[4] It will thus be seen that taxpayers have been permitted to prosecute actions for alleged violations of public rights wherein the plaintiff taxpayer's situation is one in the nature of a beneficiary of a public trust and he is allowed to litigate the question on behalf of himself and all taxpayers similarly situated. (See *Davenport* v. *Buffington,* 97 Fed. 234 [46 L. R. A. 377, 38 C. C. A. 453].) To hold that in such cases a tax-paying judge, whose rights might be said theoretically to be affected the same as the rights of the plaintiff and all other taxpayers, would be disqualified on the ground of "interest" would be an unwarranted extension of the rule, and therefore the test sought to be applied by the petitioners cannot be approved.

[5] The petitioners allege another and different ground of disqualification on the part of one of the respondent judges, to wit, that he is the owner of water-bearing land and water rights upon another and different stream and that the city of San Diego has publicly announced through its common council and attorneys that it is the intention of the city to acquire said lands and water rights in the event that it shall be unsuccessful in said action. Petitioners allege that if said judge should decide against the city in said action, the effect of the decision would be to create a market for his water-bearing lands and water rights on the other stream and that therefore he is disqualified by his interest in this respect. Clearly this alleged interest is not a disqualifying interest, for the reason that it is not a direct interest. If anything, it is indirect and consequential.

The peremptory writ is denied.

Rehearing denied.

All the Justices concurred.