[L. A. No. 12864. In Bank.—April 3, 1933.]

J. D. MARTIN, Plaintiff and Appellant, v. A. L. NELSON et al., Respondents; H. T. THOMPSON, Defendant and Appellant.

Frank L. Hain and J. L. Royle for Appellants.

M. F. McCormick, Ivan G. McDaniel, Maynard Garrison and Spencer Austrian for Respondents.

THE COURT.—In this cause the issues as finally made by the pleadings show an action by the holder of an equitable interest in 134 acres of potential oil lands in San Luis Obispo County, joined in by the holder of the legal title, who is a defendant and cross-complainant, against the other defendants, who are respondents, to declare an involuntary trust in said lands in favor of said owners, upon the ground that material false and fraudulent misrepresentations induced the conveyance of the lands. The cause was heard in due course. Findings were made in favor of the purchasers on November 6, 1929, and judgment followed on April 4, 1930. Both plaintiff Martin and defendant Thompson, interested in the ownership of said property, appealed on separate transcripts but their interests are identical.

Two major issues are present: 1. Was actionable fraud proved as a matter of law? 2. Was Judge Norton, the trial

judge, disqualified as a matter of law, to sit in the cause? In view of our conclusion on the second question, it is unnecessary to consider the first.

The evidence shows that for some years prior to October 27, 1927, the Elberta Oil Company, a corporation owned and controlled by some of the defendants, had been drilling for oil upon property adjacent to the tract involved in this suit. On that date they discovered oil, and suppresesd the fact, laying plans meanwhile to secure other surrounding lands. After some negotiations, and, according to appellant, various misrepresentations, they succeeded in obtaining a contract to purchase the land of appellant for the sum of $15,000, one-half of its original cost price. Meanwhile, the head driller of Elberta Oil Company, acting under an arrangement with W. W. McCutcheon and L. A. Enos, an attorney, secretly informed them of the discovery, and these two persons formed a working agreement or partnership with Judge Norton to secure oil leases upon promising lands around the well. Under their agreement, McCutcheon was to secure the leases, Enos was to handle all the papers and consummate the transactions, and Judge Norton was to advance the money. The activities of this partnership soon came in conflict with those of the Elberta Oil Company directors, and they thereupon reached an agreement allocating to the Elberta Oil Company group all lands adjoining the oil-well tract (including the land involved herein) ; and permitting the rest of the lands to go to the McCutcheon group. It appears that due to this arrangement, Enos actively concealed from the owners of above-mentioned tract the facts concerning its oil development possibilities, thus aiding defendants in securing it at the low figure they desired. Under this arrangement, also, the McCutcheon group secured some six oil leases.

From these facts it follows that Judge Norton had a pecuniary interest in the suit, since any profits resulting from the activities of McCutcheon and Enos necessarily benefited him as a partner. It should be definitely noted, however, that on a full hearing before a disinterested judge, Judge Norton testified and the court found that he knew nothing of the acts, conduct or promises of McCutcheon and Enos. Consequently the court concluded that he was not

disqualified. While we are satisfied with the correctness of the finding, the conclusion drawn therefrom must, we think, be deemed erroneous. As a matter of law, Judge Norton would participate in the proceeds of the partnership business, and hence has a pecuniary interest in the cause sufficient to disqualify him, notwithstanding his lack of knowledge of fraud or unlawful intent on the part of McCutcheon or Enos. (See *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056] ; *Hall* v. *Superior Court,* 198 Cal. 373, 379 [245 Pac. 814] ; *City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 Pac. 1084].)

The judgment is reversed.

Rehearing denied.