[Civ. No. 1789. Fourth Appellate District.—April 29, 1936.]

BERTHA M. COHN, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

Glikbarg & Wolf and I. H. Prinzmetal for Petitioner.

Joseph A. Brown for Respondents.

BARNARD, P. J.—The petitioner seeks a writ of mandate commanding Judge Campbell, as one of the judges of the Superior Court of Kern County, to proceed with the hearing and determination of a certain matter and also seeks a writ of prohibition restraining all of the judges of that county from passing upon the alleged disqualification of Judge Campbell and from taking any action toward vacating or setting aside certain orders heretofore made by him.

This proceeding relates to certain matters in the estate of Charles Cohn now pending in the respondent court. This estate, in which letters were issued on August 17, 1927, was appraised at $884,000 and consists largely of about three hundred parcels of real property situated in four counties. On December 13, 1935, Judge Campbell made and entered a decree of partial distribution, distributing to this petitioner properties of the approximate value of $132,000 but ordering that a portion thereof, to the value of $45,000, should be retained by the executor for the purpose of safeguarding the state of California with respect to a balance of inheritance taxes still due from this estate. This petitioner filed a petition to identify the properties to be so retained as security, which petition came on for hearing on December 30, 1935. On that day the matter was partially heard, one witness being partially examined, when the objection was made that Judge Campbell was disqualified for the reason that he was the owner of an undivided interest in certain real property, other undivided interests in which were owned by the estate. Judge Campbell refused to further hear the matter until the question of his disqualification was disposed of and the hearing was continued to January 20, 1936.

It appears that one of the properties in the estate is an undivided one-half interest in a certain lot in the city of Delano, which interest was appraised at $150. It further appears that Judge Campbell and another man were the owners of the other undivided one-half interest in this lot

and that on June 29, 1931, their one-half interest in the lot was sold to the state of California for delinquent taxes for the year 1930–1931. Two proceedings were started in the trial court seeking to disqualify Judge Campbell and to set aside all orders theretofore made by him in connection with the partial distribution referred to, on the ground that his ownership of an undivided interest in this lot disqualified him from passing upon any matters which in any way related to the estate's interest in this property. In brief, this is the situation which gave rise to the present proceeding.

■ We will first take up the question as to whether a writ of mandate should issue directing Judge Campbell to proceed with the hearing and determination of the petition to identify properties, which hearing had been started but not completed when the question of his disqualification was first raised. It appears without dispute that in accordance with the rules and practice of the Superior Court of Kern County, a change in the allocation of judges in that county took place on January 2, 1936, and that on that day, in the regular course of events, Judge Owen was assigned to the department in which probate matters were pending, including the estate of Cohn, and Judge Campbell was assigned to another department. Such changes in assignment are common and well known and come in the usual course in most, if not all, courts having more than one department. While in some cases the orderly and expeditious handling of the work of the court may suggest the advisability of permitting a judge assigned to another department to complete a matter which he had started to hear before the change in assignments, there is no vested right to have this done in all cases. Any possible saving in time might be trivial in some cases while the resulting inconvenience to both departments of the court might be great. In our opinion, this is entirely a matter of discretion for the courts and the presiding judge. ■ No possible abuse of such discretion here appears and we conclude that, upon the showing made, the petitioner is not entitled to the issuance of a writ of mandate.

■ Some question is raised as to whether the matter of the disqualification of this judge may be inquired into in such a proceeding as this, in view of the fact that such a question is pending in the trial court and that the same may be reviewed on a later appeal. We think the rules laid down in

*Central Pacific R. Co.* v. *Superior Court*, 211 Cal. 706 [296 Pac. 883], are controlling here. It was there held that the fact that a proceeding was pending in the trial court to determine the qualification or disqualification of a judge to act in a certain matter was not sufficient to prevent the consideration of a proceeding similar to that now before us, and writs were issued on the ground that the other remedy was not sufficiently plain, speedy and adequate to meet the emergencies of the particular case. While the facts of the two cases are not identical they are similar in many respects and we think the same rule should be here applied. In the instant case, it is sought to set aside several orders on the ground that the judge who made them was disqualified. These orders all relate to a partial distribution, which matter has already been pending for about two years. To require a hearing in the trial court on the alleged disqualification, with the possible setting aside of the orders and new proceedings, which may be followed by one or several appeals, all on one phase of a probate proceeding which has already been pending for about nine years, would cause delay and unnecessary procedure, and indicates a set of circumstances which come within the rule laid down in the case referred to.

The petition for a writ of prohibition seeks to prevent further action in certain proceedings instituted in the trial court. One of these is a form of proceeding to disqualify Judge Campbell on the ground that he owned an interest in this parcel of property involved in the partition proceedings which disqualified him from further acting therein. The other is a motion to vacate three orders theretofore made by Judge Campbell in connection with the proceedings for partial distribution. This brings us to the main question here involved, namely, whether Judge Campbell through his right to redeem his undivided interest in this lot, after its sale to the state for delinquent taxes, had such an interest as disqualified him from acting in any matters which affected the estate's undivided interest in that lot.

Counsel for respondents rely on such cases as *Heilbron* v. *Campbell*, 3 Cal. Unrep. 204 [23 Pac. 122], *Hall* v. *Superior Court*, 198 Cal. 373 [245 Pac. 814], *Meyer v. City of San Diego*, 121 Cal. 102 [53 Pac. 434, 66 Am. St. Rep. 22, 41 L. R. A. 762], *Quatman v. Superior Court*, 64 Cal. App. 203 [221 Pac. 666], *Lindsay-Strathmore Irr. Dist.* v. *Superior*

*Court,* 182 Cal. 315 [187 Pac. 1056], and *Martin* v. *Nelson,* 217 Cal. 669 [20 Pac. (2d) 938]. Many cases might be cited in which it was held that the circumstances disclosed a sufficient interest on the part of a trial judge to disqualify him from acting therein. Many other cases may be found where the circumstances are held insufficient to show such a disqualifying interest.

Several of these cases are reviewed in the case of *Cuyamaca Water Co.* v. *Superior Court,* 193 Cal. 584 [226 Pac. 604, 33 A. L. R. 1316]. In that case the court said:

"The petitioners describe the interest which will disqualify a judge as 'a direct pecuniary or direct property interest or one which involves some individual right or privilege in the subject matter of the litigation whereby a liability or pecuniary gain must occur on the event of the suit.' In *Meyer* v. *City of San Diego,* 121 Cal. 102 [66 Am. St. Rep. 22, 41 L. R. A. 762, 53 Pac. 431, 434], it is defined as 'any certain, definable, pecuniary, or proprietary interest or relation which will be directly affected by the judgment which may be rendered.' In the same case it is pointed out that if the so-called interest of the judge be 'remote, contingent and speculative', it does not constitute a disqualifying interest."

And further:

"We are satisfied, from an examination of the issues involved in the pending quiet title action and the authorities on the subject, that the so-called interest of the respondent judges in the outcome of the action is neither separate, severable, individual nor defined; that it is not a direct pecuniary or direct property interest or one involving an individual right or privilege whereby a liability or pecuniary gain would occur on the event of the suit, and that the alleged interest is too remote and conjectural to operate as a disqualification."

In that same case, quoting from *Oakland* v. *Oakland Water Front Co.,* 118 Cal. 249 ]50 Pac. 268], the court said:

" 'The theory of the appellant is, that if the respondent should recover the land sued for it might be so used as to produce some municipal revenue and thus affect to some extent the rate of taxation, as a consequence of which the taxes which the said judges would have to pay on their property might to some imaginable extent be lessened—and that thus they are interested and disqualified . . . In our opinion the word "interested", as used in the section of the code

relied on, embraces only an interest that is direct, proximate, substantial, and certain, and does not embrace such a remote, indirect, contingent, uncertain, and shadowy interest as that asserted as a disqualification in the case at bar.' With reference to the rule that 'no man shall be a judge in his own cause' the court said: 'But surely that means a cause which is really his own cause; not that he must be a formal party to the record, but that it must be such a cause that a judgment rendered therein would necessarily and directly and substantially affect his personal rights. We cannot conceive that the legislature meant to declare that a mere contingent possibility that some future supposable financial condition of a municipality might, in a slight degree, affect a judge as a taxpayer, would strip him of all his personal judicial qualities.' ''

In *Lassen Irr. Co.* v. *Superior Court*, 151 Cal. 357 [90 Pac. 709], the court said:

''The interest in an action which disqualifies a judge who possesses it from trying the cause is a property or personal interest, an interest, in the event of the suit, in the judgment which may be rendered therein. It must affect him either in person or property, directly or indirectly.''

In *Central Pacific R. Co.* v. *Superior Court, supra,* the court said:

''The section of the code as it thus read did not attempt to define the particulars wherein the 'interest' of a trial judge should consist, but it is quite well settled by the uniform current of authority upon the subject that it must be such a direct and immediate interest in the result of the litigation as would in some degree tend to form an improper bias which might influence his conduct in the consideration and disposition of the cause; . . . ''

In *Meyer* v. *Superior Court*, 200 Cal. 776 [254 Pac. 1108], in construing the interest involved in section 1702 of the Code of Civil Procedure, the court held that a tenant in common has, as such, no interest in the title of his cotenant to property held by them in cotenancy.

The argument in behalf of the respondents seems to be that Judge Campbell, while in no way directly interested in that part of this lot which is owned by the estate, might through his ownership of another undivided interest therein be indirectly interested since he might prefer to have one

person as a cotenant rather than another. Such an interpretation of section 170 of the Code of Civil Procedure would disqualify a judge from hearing matters involving any property which adjoined property he owned or upon which he lived, since in some indirect and vague manner a decision in the matter before him might possibly affect the identity of his future neighbors. We think any such interest is too remote and speculative and that the legislature never intended any such meaning by the language used in the section. Any order or judgment entered by Judge Campbell in the matter here in question would not necessarily and directly and substantially affect either his personal rights or property, and we conclude that he is not interested in the property owned by the estate within the meaning of the section and that he was not disqualified in the proceedings which are under attack. It follows that a writ of prohibition should issue restraining the respondents from hearing any motion or taking any action to vacate or set aside any of the orders in question on the ground referred to.

A motion to strike two of the answers filed was also submitted. This motion is denied.

The application for writ of mandate is denied and a writ of prohibition will issue as prayed for.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.